United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 09, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 22-33889** |
| **ABEL GONZALES ALVAREZ,** | § | **CHAPTER 13** |
| | § | **David R. Jones** |
| Debtor. | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>
### (Docket No. 50)

In this case, the Debtor seeks the partial disallowance of the proof of claim filed by Paul and Jean Minnick (the "Minnicks"). The Court grants partial relief as set forth below.

### <u>Background</u>

On December 30, 2022, the Debtor filed the instant chapter 13 case [Docket No. 1]. This case is the Debtor's eighth chapter 13 bankruptcy case since 2003 [Case Nos. 18-34931, 18-30461, 06-36207, 06-33067, 04-47315, 04-39528 and 03-30375]. The focus of the current case is the real property commonly known as 2106 Sharon Street in Pasadena, Texas (the "Property") [Docket No. 2]. The parties agree that the Property is subject to a mortgage in favor of the Minnicks. In his proposed plan, the Debtor lists a Cure Claim on the Minnicks' mortgage in the amount of $6,000 [Docket No. 2].

The Debtor filed his seventh chapter 13 case on September 1, 2018 [Docket No. 1, Case No. 18-34931]. By Order entered March 2, 2019, the Court confirmed the Debtor's amended chapter 13 plan [Docket No. 56, Case No. 18-34931]. The Court approved a modification of the Debtor's plan by Order entered August 23, 2021 [Docket No. 141, Case No. 18-34931]. The case was dismissed by Order entered June 21, 2022, due to the Debtor's failure to make plan payments [Docket No. 151, Case No. 18-34931].

In his seventh case, the Debtor objected to the Minnicks' secured claim [Docket No. 42, Case No. 18-34931]. In the objection, the Debtor asserted that the Minnick's secured arrearage claim of $12,676 should be reduced to $9,723 based on asserted payments that were not properly credited [Docket No. 42, Case No. 18-34931]. By Agreed Order entered January 22, 2019, the secured arrearage claim was reduced to $10,676 [Docket No. 45, Case No. 18-34931].

In this case, the Debtor again objected to the Minnicks' secured proof claim [Docket No. 50]. In the objection, the Debtor challenged the Minnicks' assertion of $12,699.49 in attorney's fees and expenses [Docket No. 50]. Specifically, the Debtor alleged that the Minnicks failed to file any notices of incurred fees pursuant to FED. R. BANKR. P. 3002.1(c) and are therefore barred from asserting fees and expenses for the time periods covered by the Debtor's sixth and seventh bankruptcy cases [Docket No. 50]. The Debtor also alleged that the fees and expenses were unreasonable for the work performed. Finally, the Debtor asserted that no fees or expenses should be allowed under FED. R. BANKR. P. 3001(c)(2) because the Minnicks failed to attach a detailed statement of the requested fees and expenses to their proof of claim [Docket No. 63].

The Minnicks acknowledge that no Rule 3002.1 notices were ever filed. Counsel represented to the Court is that he just didn't see the need and that the cost of filing the notices would exceed any benefit. Instead, the Minnicks assert that dismissal of the Debtors' sixth and seventh bankruptcy cases "erased the Creditors' [Minnicks'] obligations to file such notices under Rule 3002.1" as provided by 11 U.S.C. § 349(b) [Docket No. 51].

The Court conducted a hearing on the Debtor's objection on June 6, 2023. At the conclusion of the hearing, the Court instructed the Debtor to file a pleading identifying which individual charges of the $12,699.49 in total fees and expenses requested by the Minnicks were not objectionable. On June 13, 2023, the Debtor filed his "Notice of Uncontested Fees" identifying $4,334 in fees and expenses to which the Debtor did not object [Docket No. 66].

### Analysis

FED. R. BANKR. P. 3002.1 applies to claims in chapter 13 cases that are secured by a lien on a debtor's principal residence. The rule provides that:

**(c) Notice of Fees, Expenses, and Charges**

The holder of the claim **shall** file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

(emphasis added). Rule 3002.1(i) also provides guidance regarding the consequences of a creditor's failure to comply with the rule's requirements:

**(i)  Failure to Notify**.

If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:

(1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Despite the mandatory nature of the rule, the Minnicks assert that as any failure to comply with Rule 3002.1 was remedied by the dismissal of the case under 11 U.S.C. § 349(b). 11 U.S.C. 349(b) provides as follows:

**§ 349.  Effect of dismissal**

(b)        Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 this title—

(1) reinstates—

(A)        any proceeding or custodianship superseded under section 543 of this title;

(B)        any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C)        any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

The Minnicks cite to *In re Hollingsworth* as support for their conclusion that 11 U.S.C. § 349(b) erases all obligations and effects of noncompliance upon dismissal.  No. AP 08-00244-BGC, 2012 WL 4465593, at *4 (Bankr. N.D. Ala. Sept. 25, 2012).  To the contrary, section 349(b)'s effects are limited. "The objective of section 349(b) is to restore all property rights, as far as practicable, to the positions they occupied at the commencement of a case." *U.S. v. Ramirez*, 291 B.R. 386, 391 (N.D. Tex. 2002); see also *In re Gamble*, No. 06-36485, 2007 WL 895809 (Bankr. S.D. Tex. March 22, 2007).   Nothing in § 349(b) vitiates the requirements of Rule 3002.1 or the consequences of a creditor's failure to comply.  The issue is one of transparency and goes to the very heart of the bankruptcy process.  The Court respectfully disagrees with *Hollingsworth* to the extent that it is read to amend § 349(b) to create additional effects caused by a dismissal.

Likewise, the Minnicks' reliance on *Blanco v. Bayview Loan Servicing LLC (In re Blanco)*, 633 B.R. 714, 749 (Bankr. S.D. Tex. 2021) to support their position is also misplaced. In *Blanco*, the Court held that a debtor could pursue relief in a subsequent case for harm caused by a violation of Rule 3002.1 in a prior case.  *Blanco*, 633 B.R. at 749.

The Court finds it problematic that the Minnicks have taken an approach that deprives the Court of its oversight authority of legal fees and expenses incurred during a bankruptcy case that are ultimately assessed against a debtor and estate property.  The fees and expenses sought in this case highlight the necessity of that authority.  After a detailed review of the individual charges, the Court concludes that the Minnicks (and if the Minnicks are successful, the Debtor) were overcharged for services that provided, little, if any benefit.  By way of example, the Minnicks were charged 1.00 hours for "Research PACER to obtain and perform legal analysis of notification of confirmation hearing and deadline to object."  [Docket No. 65].  The chapter 13 trustee's notice of confirmation hearing containing the objection deadline is found at Docket No. 25.  It took the Court about 45 seconds to locate and review the notice.  Time entries were also made for acquiring general knowledge about how chapter 13 works.  Excessive time was spent preparing a simple proof of claim.  If the Court had been given the opportunity to review the charges in the prior case as contemplated by Rule 3002.1, significant downward adjustments would have occurred.

The Court likewise does not accept the statement by the Minnicks' counsel that he simply chose not to comply with Rule 3002.1 because he didn't see the need. Parties' compliance with the Bankruptcy Code and applicable Rules is not discretionary. The Court therefore concludes that the required notices were not filed because the fees and expenses were not "recoverable against the debtor and against the debtor's principal residence" as contemplated by the rule.

On its face, Rule 3002.1(i)(1) limits the Court's ability to preclude the introduction of evidence regarding fees and expenses for which a proper notice was not filed to the case in which the notices were supposed to be filed. Rule 3002.1(i)(2) contains no such limitation. The *Blanco* decision cited by the Minnicks supports the Debtor's pursuit of relief in this case for harm caused in the prior case.

The Court further finds that the Minnicks' proof of claim filed in this case did not comply with FED. R. BANKR. P. 3001. In their proof of claim, the Minnicks included a one-line entry for "Legal Fees" in an amount of $12,699.49 with no explanation of the services provided (despite the form's clear instructions to the contrary) or any supporting attachments [Docket No. 62-5]. Rule 3001(c)(2)(A) requires an itemized statement of all pre-petition fees, expenses and charges sought in a proof of claim. Rule 3001(c)(2)(D) provides the consequences for failing to comply with Rule 3001(c).

Under Rule 3001(c)(2)(D), the Court may (i) preclude the introduction of evidence regarding fees and expenses for which an itemization was not provided and award other appropriate relief, including attorney's fees caused by the creditor's failure to comply. In both the original objection (Docket No. 50) and the subsequent brief (Docket No. 63), the Debtor did not explicitly seek to prohibit the Minnicks from introducing evidence or request the award of attorney's fees. Instead, the Debtor requested only the disallowance of the attorney fee portion of the Minnicks' claim (Docket No. 50). That request was subsequently amended to the disallowance of all but $4,334 of the Minnicks' requested fees and expenses.

For each of the foregoing reasons, the Court sustains the Debtor's objection and reduces the allowed fees and expenses to $4,334.00. Any disallowed fees and expenses are prohibited from being collected by the Minnicks or their successors from the Debtor or his property. All other relief is denied.

**SIGNED: August 9, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**